AO 451 (REV. 2/86) CERTIFICATION OF JUDGMENT
================================================================

# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF NEW YORK

CERTIFICATION OF JUDGMENT FOR
REGISTRATION IN ANOTHER DISTRICT

ExxonMobil Oil Corporation,

        Plaintiff,

VS.                      CASE NUMBER: 02 CV 2675 (CM)

Arden Frazin
        Defendant,

I, JAMES M. PARKISON, Clerk of the United States District Court for the Southern District of New York do hereby certify that the attached judgment is a true and correct copy of the original judgment entered in this action on May 21, 2002, as it appears in the records of this court, and that

"no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate procedure has been filed".

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on May 30, 2002.

                                            Clerk

                                            Deputy Clerk

*Insert the appropriate language:..."no notice of appeal from this judgment has been filed and no motion of any kind listed in Rule 4 (a) of the federal Rules of Appellate Procedure has been filed." .. "no notice of appeal from this judgment has been filed and any motions of the kinds listed in Rule 4 (a) of the Federal Rules of Appellate Procedure [*] have been deposed of the latest order disposing of such motion having been entered on [date]." .. "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[Note: The motions listed in Rule 4(a) Fed.R.App.P. are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.

05-10-02  16:09   From-MCCUSKER ANSELMI           +9736353350         T-447  P.02/03  F-195

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



EXXONMOBIL OIL CORPORATION,

        Plaintiff,

v.

ARDEN FRAZIN,

        Defendant.

02 Civ. 2675

Hon. Colleen McMahon

**FINAL JUDGMENT**

#02,0191 WP

THIS MATTER, having been tried to the Court by McCusker, Anselmi, Rosen, Carvelli & Walsh, P.A., attorneys for plaintiff ExxonMobil Oil Corporation ("ExxonMobil"), and Scott Ugell, Esq., attorney for defendant Arden Frazen ("Frazin") seeking injunctive and monetary relief in accordance with Plaintiff's Verified Complaint; and the Court, having considered the evidence presented; and for good cause shown;

IT IS on this _13_ day of _May_, 2002

ORDERED that Arden Frazin and his employees, agents, members, affiliates, subsidiaries, officers, employees, independent contractors, and all those who act in concert or participation with Mr. Frazin, are hereby permanently enjoined and restrained from occupying and using the Mobil service station located at 451 W. Clarkstown Road, New City, New York. It is further,

A TRUE COPY
JAMES M. PARKISON, CLERK

By _____
Deputy Clerk

DOCKETED AS
A JUDGMENT

**ORDERED** Arden Frazin shall vacate and surrender possession of the Mobil service station located at 451 W. Clarkstown Road, New City, New York no later than 8 hours of entry of this Order, or 9 o'clock pm EST on May 10, 2002. It is further,

**ORDERED** Arden Frazin shall remit to ExxonMobil all payments due and owing under the Agreement in the amount of $63,093.18. It is further,

**ORDERED** Post judgment interest shall accrue at the rate allowed by law, being 2.36% per annum, on the award of $63,093.18 from the date of entry of this order until paid. It is further,

**SO ORDERED.**

May 13, 2002
*nunc pro tunc to May 10, 2002*

_____
Colleen McMahon, U.S.D.J.

ORDERED, that ExxonMobil shall arrange with Arden Frazin to give Mr. Frazin access to the premises at a mutually agreeable time prior to May 20, 2002 for the purpose of allowing Mr. Frazin to remove his property from the premises; and it is further, *CM USDJ*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXXONMOBIL OIL CORPORATION,

             Plaintiff,

v.

ARDEN FRAZIN,

             Defendant.

02 Civ. 2675

Hon. Colleen McMahon

**FINAL JUDGMENT**



THIS MATTER, having been tried to the Court by McCusker, Anselmi, Rosen, Carvelli & Walsh, P.A., attorneys for plaintiff ExxonMobil Oil Corporation ("ExxonMobil"), and Scott Ugell, Esq., attorney for defendant Arden Frazen ("Frazin") seeking injunctive and monetary relief in accordance with Plaintiff's Verified Complaint; and the Court, having considered the evidence presented; and for good cause shown;

IT IS on this _13_ day of _May_____, 2002

**ORDERED** that Arden Frazin and his employees, agents, members, affiliates, subsidiaries, officers, employees, independent contractors, and all those who act in concert or participation with Mr. Frazin, are hereby permanently enjoined and restrained from occupying and using the Mobil service station located at 451 W. Clarkstown Road, New City, New York. It is further,

DOCKETED AS A JUDGMENT ON 5/21/02

A TRUE COPY
JAMES M. PARKISON, CLERK
By _____
Deputy Clerk
MAY 30 2002

**ORDERED** Arden Frazin shall vacate and surrender possession of the Mobil service station located at 451 W. Clarkstown Road, New City, New York no later than 8 hours of entry of this Order, or 9 o'clock pm EST on May 10, 2002. It is further,

**ORDERED** Arden Frazin shall remit to ExxonMobil all payments due and owing under the Agreement in the amount of $63,093.18. It is further,

**ORDERED** Post judgment interest shall accrue at the rate allowed by law, being 2.36% per annum, on the award of $63,093.18 from the date of entry of this order until paid. It is further,

**SO ORDERED.**

May 13, 2002
nunc pro tunc to
May 10, 2002

_____
Colleen McMahon, U.S.D.J.

ORDERED, that ExxonMobil shall arrange with Arden Frazin to give Mr. Frazin access to the premises at a mutually agreeable time prior to May 20, 2002 for the purpose of allowing Mr. Frazin to remove his property from the premises; and it is further, CMM USDJ

2

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

ExxonMobil Oil Corporation

**DEFENDANTS**

Arden Frazin

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES) **New York**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** NEW YORK (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

McCusker, Anselmi, Rosen, Carvelli and Walsh, P.A.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 308-0070

**ATTORNEYS (IF KNOWN)**

Scott Ugell, Esq.
155 North Main Street
New City, NY 10956

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

## II. BASIS OF JURISDICTION (PLACE AN [x] IN ONE BOX ONLY)

[ ] 1 U.S. Government Plaintiff
[x] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. GOVERNMENT Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN [x] IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [x]2 | Incorporated and Principal Place of Business in Another State | [x]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. Section 2801, et seq. Defendant breached his obligations under the Petroleum Marketing Practices Act Franchise Agreement between the parties.

## V. NATURE OF SUIT (PLACE AN [x] IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury - Med. Malpractice | [ ]620 Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury- Product Liability | [ ]630 Liquor Laws | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault, Libel & Slander | | [ ]640 R.R. & Truck | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers' Liability | [ ]368 Asbestos Personal Injury Product Liability | [ ]650 Airline Reqs | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | | [ ]660 Occupational Safety/Health | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ]345 Marine Product Liability | PERSONAL PROPERTY | [ ]690 Other | [ ]840 Trademark | [ ]810 Selective Service |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ]850 Securities/Commodities/Exchange |
| [ ]160 Stockholders' Suits | [ ]355 Motor Vehicle Product Liability | [ ]371 Truth in Lending | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]875 Customer Challenge 12 USC 3410 |
| [x]190 Other Contract | [ ]360 Other Personal Injury | [ ]380 Other Personal Property Damage | [ ]720 Labor/Mgmt. Relations | [ ]862 Black Lung (923) | [ ]891 Agricultural Acts |
| [ ]195 Contract Product Liability | **CIVIL RIGHTS** | [ ]385 Property Damage Product Liability | [ ]730 Labor/Mgmt. Reporting & Disclosure Act | [ ]863 DIWC (405(g)) | [ ]892 Economic Stabilization Act |
| **REAL PROPERTY** | [ ]441 Voting | | [ ]740 Railway Labor Act | [ ]863 DIWW (405(g)) | [ ]893 Environmental Matters |
| [ ]210 Land Condemnation | [ ]442 Employment | | [ ]790 Other Labor Litigation | [ ]864 SSID Title XVI | [ ]894 Energy Allocation Act |
| [ ]220 Foreclosure | [ ]443 Housing/Accommodations | **PRISONER PETITIONS** | [ ]791 Empl. Ret. Inc. Security Act | [ ]865 RSI (405(g)) | [ ]895 Freedom of Information Act |
| [ ]230 Rent Lease & Ejectment | [ ]444 Welfare | [ ]510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]240 Torts to Land | [ ]440 Other Civil Rights | [ ]530 Habeas Corpus | | [ ]870 Taxes (U.S. Plaintiff or Defendant) | [ ]950 Constitutionality of State Statutes |
| [ ]245 Tort Product Liability | | [ ]540 Mandamus & Other | | [ ]871 IRS-Third Party 26 USC 7609 | [ ]890 Other Statutory Actions |
| [ ]290 All Other Real Property | | [ ]550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN [x] IN ONE BOX ONLY) REGISTRATION OF FINAL JUDGMENT

[ ]1 Original Proceeding
[x]2 Removed from State Court
[ ]3 Remanded from Appellate Court
[ ]4 Reinstated or Reopened
[ ]5 Transferred from Another District (specify)
[ ]6 Multidistrict Litigation
[ ]7 Appeal to District Judge From Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** [ ] UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** [ ] YES [x] NO

## VIII. RELATED CASE(S) (See Instructions): IF ANY

JUDGE          DOCKET NUMBER

None

DATE: June 6, 2002     SIGNATURE OF ATTORNEY OF RECORD:

Gail E. Slaughter, Esq. (GS 5724)

UNITED STATES DISTRICT COURT

7/6457

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P. which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below.) (Federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of description, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded for Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(07/86)